**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JESS LEE GREEN** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 4:26-CV-00043-MPM-JMV**

**BURL CAIN, et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* prisoner complaint of Jess Lee Green, who challenges the conditions of his confinement under 42 U.S.C.§ 1983. Upon due consideration of Green's allegations and the applicable authority, the Court finds that Green's claims should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Screening Standards**

Because Green has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous and malicious," if it "fails to state a claim upon which relief may granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state

---

[1] Doc. # 7.
[2] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Plaintiff's Allegations and Procedural Posture**

Green, an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), is currently housed at the Marshall County Correctional Facility located in Holly Springs, Mississippi. Doc. # 1 at 2. In the instant matter, Green complains about an alleged failure to protect him while he was housed at the South Mississippi Correctional Institution ("SMCI") located in Leakesville, Mississippi, and the Mississippi State Penitentiary ("MSP") located in Parchman, Mississippi. *Id.* at 4-5; *see also* Doc. # 9.

Green *seemingly* avers that fellow inmate "Dotson/Datson" attacked him at the behest of another fellow inmate "Gangster/Zach". *Id.* at 5. Green alleges the assault left him with nose fractures and broken front teeth. *Id.* According to Green, he advised SMCI and MSP staff of an alleged "hit" on him from inmate gang members, but nothing was done to protect him. *Id.* at 4-5.

Green filed the instant civil rights complaint under 42 U.S.C. § 1983 on March 23, 2026. Doc. # 1. Green names MDOC Commissioner Burl Cain, Warden Meeks, Deputy Commissioner of Institutions John Hunt, Superintendent Middlebrooks, CID (SMCI), State of Mississippi, and inmates Dotson/Datson and Zach/Gangster as Defendants in this action. *Id.* at 1-3. By way of relief, Green seeks compensatory and punitive damages for his alleged pain and suffering in the amount of $2,500,000.00 and further requests injunctive relief, namely that his sentence be vacated and that he be released from MDOC custody. Doc. # 1 at 5.

On May 11, 2026, the Court entered an Order directing Green to submit additional information to the Court. Doc. # 8. In particular, the Court directed Green to provide a description of each named Defendant's personal involvement in the alleged actions or inactions identified in

his complaint and further identify at which correctional facility the alleged actions or inactions occurred. *Id.* Green submitted his response on June 1, 2026. Doc. # 9. On June 16, 2026, the Court entered an Order directing Green to show cause why this case should not be dismissed for failure to state a claim upon which relief can be granted. Doc. # 10. On July 6, 2026, Green moved for a sixty (60) day extension of time to file his response the show cause order. Doc. # 11. The Court entered an order on July 7, 2026, granting Green's motion in part, giving him an additional forty-five (45) days in which to file his response. Doc. # 12. To date, no response has been filed, and the deadline has passed.

**State of Mississippi and CID (SMCI) Not a "Person" Under 42 U.S.C. § 1983**

As an initial matter, the complaint fails to state a claim against Defendants State of Mississippi and CID (SMCI) under Section 1983 because neither is a "person" within the meaning of that statute. Section 1983 provides, in relevant part, that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Thus, to maintain an action under Section 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a right secured by the Constitution or other law of the United States.

The State of Mississippi is not amenable to suit under this statute because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of

Mississippi. *See* Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.,* 2006 WL 1666258 (S.D. Miss. June 12, 2006). As CID is a department within SMCI, a prison which is a part of MDOC, it logically follows that it too is not amenable to suit. *See Towns v. Miss. Dep't of Corrs.*, 2020 WL 1249904, *4 n.2 (N.D. Miss. Mar. 16, 2020). Moreover, it is well-settled that a prison, correctional facility, or jail itself is *not* a "person" amenable to suit under Section 1983. *See Walker v. Hodge*, 4 F.3d 991, 1993 WL 360996, *2, n. 2 (5th Cir. 1993); *Miley v. Jones Co. Jail*, 2007 WL 2159334, at *8 (S.D. Miss. July 25, 2008). Consequently, Green's claims against the State of Mississippi and CID (SMCI) should be dismissed for failure to state a claim upon which relief could be granted, as neither is a proper defendant under 42 U.S.C. § 1983.

**<u>Supervisor Liability</u>**

Moreover, Green's allegations against MDOC Commissioner Burl Cain, Deputy Commissioner John Hunt, Warden Meeks, and Superintendent Middlebrooks fail to state a claim upon which relief can be granted. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently,

a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Green's complaint contains no allegations whatsoever as to Defendants Cain, Hunt, Meeks or Middlebrooks. In attachments to his complaint, Green avers that his mother tried calling Defendants Meeks and Middlebrooks to advise them of the hit on her son, but that they did nothing. Doc. # 1-3 at 2-3. Otherwise, Green fails to allege any personal involvement by these defendants. In sum, Defendants Cain, Hunt, Meeks and Middlebrooks have been named as defendants in this action merely due to their positions of authority, i.e. as Commissioner, Deputy Commissioner, Warden and Superintendent within MDOC/MSP/SMCI; they should, therefore, be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

For these reasons, Green's claims against Defendants Commissioner Burl Cain, Deputy Commissioner John Hunt, Warden Meeks, and Superintendent Middlebrooks should be dismissed for failure to state a constitutional question.

**No § 1983 Claim Against Inmates—Private Actors**

Relief under 42 U.S.C. § 1983 is only available to preserve a plaintiff's federal constitutional or statutory rights against a defendant *acting under color of state law*. *See* 42 U.S.C. § 1983. Thus, a § 1983 plaintiff may only pursue his civil rights claims against someone who is a state actor. As Defendants Dotson/Datsan and Zach/Gangster are inmates—not employees of the State of Mississippi—they do not qualify as state actors under 42 U.S.C. § 1983. *See Albright v. Longview Police Dep't*, 884 F.2d 835, 841 (5th Cir. 1989). As such, Green's claims against

Defendants Dotson/Datsan and Zach/Gangster should also be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

Based on the foregoing discussion, the Court finds that Green has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Green is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 24th day of August, 2026.

/s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**